**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| MAGDA ERIKA GRAHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. ___3:21-cv-118___ |
| | § | |
| EL PASO COUNTY, | § | |
| | § | |
| Defendant. | § | |

**NOTICE OF REMOVAL**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW Defendant, EL PASO COUNTY (the "County") and files this Notice of

Removal.  As grounds for its removal Defendant states the following:

**I.**
**THE CURRENT STATE LAWSUIT**

1.     The current suit being removed is a civil action pending in the 210th Judicial District

Court of El Paso County, Texas, styled *Magda Erika Graham, Plaintiff v. El Paso County,*

*Defendant*, Cause No. 2021DCV1110 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a),

a true and correct copy of all process, pleadings, orders, and documents from the State Court

Action which have been served upon Defendant are being filed with this Notice of Removal and

are attached as **Exhibit A**.  A copy of the docketing sheet from the State Court Action is also being

filed and is attached as **Exhibit B**.

**II.**
**THE PREVIOUS STATE LAWSUIT**

2.     State Court Action No. Cause No. 2021DCV1110 (the current lawsuit) comes after

State Court Action Number 2020DCV3516 (the previous lawsuit) which commenced on October

30, 2020.  The El Paso County Attorney's Office received Plaintiff's Original Petition and Request for Disclosure on February 23, 2021 from the County Judge's Office and accepted service on behalf of the County.  El Paso County was the sole Defendant in that matter.  *See* Cause No. 3-21-CV-00066-FM.

3.       The County filed to remove State Court Action Number 2020DCV3516 to federal court on March 15, 2021 (Doc. 1). Opposing counsel filed a motion to remand to state court on April 1, 2021 (Doc. 4), the County filed its response to April 5, 2021 (Doc. 5).  This Honorable Court issued an Order Denying Motion to Remand of May 3, 2021 (Doc. 8).  The matter remains before the Honorable Frank Montalvo, United States District Judge.

4.       The previous lawsuit alleged federal questions as Plaintiff has alleged violations of her rights under 29 U.S.C. §2611 of the Family & Medical Leave Act ("FMLA") and under 29 U.S.C. §2620 of the FMLA, as amended by the Families First Coronavirus Response Act ("FFCRA").  Additionally, Plaintiff alleged violations of the FMLA and FFCRA due to retaliation against Plaintiff.

### III.
### CHRONOLGY OF EVENTS OF BOTH LAWSUITS

5.       Defendant provides the following events which transpired in Cause No. 3-21-CV-00066-FM and the current lawsuit to illustrate Plaintiff's actions in trying to keep the current lawsuit in state court when it is clearly proper it be removed to federal court as it is closely tied to Cause No. 3-21-CV-00066-FM.

6.       October 30, 2020:  Plaintiff files Original Petition and Request for Disclosures in state court ("*Graham I*"), alleging violations of FMLA and retaliation in violation of FMLA and FFCRA by the Count.  Plaintiff claims the violations occurred before and after she gave birth to a

child while working for the Criminal Justice Department (CJC) in 2019, and continued with Plaintiff's transfer to a different position with a Justice of the Peace in 2020.

7.    <u>March 15, 2021</u>:  The County removes the previous lawsuit to federal court and files a notice of the removal in state court.

8.    <u>March 19, 2021</u>:  The County files an answer in federal court, denying the alleged violations in Cause No. 3-21-CV-00066-FM. (Doc. 2).

9.    <u>March 22, 2021</u>:  This Court orders the parties to confer and submit a joint proposed scheduling order. (Doc. 3).

10.    <u>April 1, 2021:</u>  Plaintiff files a Motion to Remand back to state court, alleging the County's removal was not timely.  (Doc. 4).

11.    <u>April 5, 2021:</u>  The County files a response opposing Plaintiff's Motion to Remand. (Doc. 5).

12.    <u>April 6, 2021:</u> Plaintiff then files the current petition in state court, naming El Paso County as a defendant and alleging sexual discrimination, sexual harassment, and retaliation dating from 2017, through the birth of her child in 2019 to her March 2020 transfer to the Justice of the Peace's Office, and ending with her termination from the County on May 15, 2020.  **Exhibit A**.

13.    <u>April 10, 2021</u>:  Plaintiff files a reply to the County's response opposing remand of Cause No. 3-21-CV-00066-FM. (Doc. 6).

14.    <u>April 22, 2021</u>:  Plaintiff and the County file the joint proposed scheduling order as required by this Court's March 22, 2021 order.  (Doc. 7).

15.    <u>May 3, 2021:</u>  This Court denies the Motion to Remand in Cause No. 3-21-CV-00066-FM to state Court.

16.     <u>May 4, 2021</u>:  This Court enters a scheduling order in Cause No. 3-21-CV-00066-FM.

## IV.
## <u>SIMILARITIES OF PLAINTIFF'S LAWSUITS</u>

17.     The alleged facts underlying Plaintiff's two lawsuits are so inextricably intertwined as to require an almost complete duplication of disclosures, interrogatories, production, and depositions, all to establish the existence, or not, of certain common acts and omissions.

18.     Specifically:

a.      Both lawsuits name the County as Defendant, and both lawsuits allege violations of employment law by the County's Criminal Justice Coordination Department, the Human Resources Department, and at least three individual employees (Tom Lara, Scott Lynn, and Jacob Garcia).  The current lawsuit adds just two more alleged malefactors: another co-worker, Edwardo Lopez, and County Administrator Betsy Keller, who has authority over CJC, as it is a sub-unit of her office.

b.      The current lawsuit recites alleged relevant facts beginning in 2017 and ending with Plaintiff's termination in 2020.   The previous lawsuit alleges relevant facts beginning in 2019 and ending with Plaintiff's termination in 2020.

c.      Both lawsuits allege certain duties required of employers; the previous lawsuit recites alleged duties with respect to FMLA and FFCRA, the current lawsuit alleges duties with respect to state anti-discrimination laws.

d.      The current lawsuit claims, in almost identical language as in the previous lawsuit, that she was improperly and callously transferred to work at the County Jail at some unspecified date in 2019. Compare paragraph 17 of the previous lawsuit:

- "Instead of returning her to the same position she held before she took FMLA protected leave due to the birth of her child, Employer El Paso County - KNOWING THAT SHE'S A NEW MOTHER OF A NEW BORN BABY INFANT - transfers the Employee to a night shift in the EL Paso County Jail in retaliation." (caps in original).

With paragraph 48 of the current lawsuit:

- "Instead of returning her to the same position she held before she took leave due to the birth of her child, Employer El Paso County -- KNOWING THAT SHE'S A NEW MOTHER OF A NEW BORN BABY INFANT -- transfers the Employee to a night shift in the El Paso County Jail in retaliation."  (caps in original).

e.      Both lawsuits allege, in identical wording, that a county supervisor asked Plaintiff to resign on October 31, 2019 "despite the fact that the Employee has not been written up and is performing well."

f.      In fact, roughly the second half of the alleged chronology in both lawsuits are identical in each lawsuit - beginning with the alleged request to resign on October 31, 2019, continuing through the transfer to the office of a Justice of the Peace in March 2020, and ending with the termination on May 15, 2020.

g.      The penultimate paragraph of the chronology in the first lawsuit claims Plaintiff was terminated in violation of the FMLA and FFCRA.  The penultimate paragraph in the chronology of the second lawsuit alleges this same termination was retaliatory and discriminatory in violation of state law.

19.     Given the above, it's obvious that Plaintiff is attempting to secure damages, or perhaps settlements, based on the same basic set of facts and circumstances.  This is done more efficiently in one action before one arbiter of fact and law, rather than two.

**V.**
**REMOVAL OF CURRENT LAWSUIT IS PROPER**

20.     This notice of removal is timely filed under 28 U.S.C. § 1446(b), within 30 days of the service on Defendant.

21.     Plaintiff's current lawsuit alleges violations of her rights under Texas Labor Code, Chapter 21:   sex discrimination, sexual harassment, disability discrimination, and retaliation. **Exhibit A**.  However, the United States District Court may exercise its supplemental jurisdiction under 28 U.S.C. §1441(c).

22.     The United States District Court for the Western District of Texas, El Paso Division, is the proper place to file this Notice of Removal because it is the federal judicial district embracing the place where the State Court Action was originally filed and is pending. 28 U.S.C. §§ 1441(a).

23.     Defendant, the removing party, will promptly give adverse parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. 1446(d).  Defendant will promptly file a copy of this Notice of Removal with the Clerk of the 210th Judicial District Court, El Paso County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

24.     Plaintiff has not added additional Defendants.

25.     Plaintiff demanded a jury in the state-court suit.

**WHEREFORE**, **PREMISES CONSIDERED,** Defendant EL PASO COUNTY, TEXAS, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C.

§ 1446 and 28 U.S.C. §1441(c), remove the case styled *Magda Erika Graham, Plaintiff v. El Paso County, Defendant*, Cause No. 2021DCV1110.

<div style="margin-left:40%">

**Respectfully submitted**,

**JO ANNE BERNAL**
El Paso County Attorney
500 East San Antonio, Room 503
El Paso, Texas  79901
Bus:  (915) 546-2050
Fax:  (915) 546-2133

</div>

BY:    */s/ Ruben Duarte*_____
            **RUBEN DUARTE**
            Assistant County Attorney
            Texas Bar No. 24002017
            Email: RDuarte@epcounty.com

and    */s/ John E. Untereker*_____
            **John E. Untereker**
            Assistant County Attorney
            Texas Bar No. 24080627
            Email: JUntereker@epcounty.com

            Attorneys for Defendant El Paso County

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was submitted via electronic mail to Enrique Chavez, Jr. at enriquechavezjr@chavezlawpc.com and Michael R. Anderson at manderson@chavezlawpc.com, CHAVEZ LAW FIRM, 2101 Stanton Street, El Paso, Texas 79902, attorneys for the Plaintiff on this the 21st day of May, 2021.

            */s/ Ruben Duarte*_____
            **RUBEN DUARTE**

# EXHIBIT A

MAGDA ERIKA GRAHAM,
      Plaintiff,

v.                                 Cause No.:

EL PASO COUNTY
      Defendant.

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE COURT:

      Plaintiff, MAGDA ERIKA GRAHAM ("Plaintiff" or "Employee Graham"), now complains of Defendant, EL PASO COUNTY ("Defendant" or "Employer El Paso County"), and respectfully shows the Court and jury as follows:

### I. DISCOVERY LEVEL

1.    Discovery is intended to be conducted under level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II. PARTIES

2.    Plaintiff, MAGDA ERIKA GRAHAM, is a natural person residing in El Paso, Texas.

3.    Defendant EL PASO COUNTY is an entity upon whom service may be obtained by serving the El Paso County Judge, Ricardo A. Samaniego, 500 E. San Antonio, Rm. 301, El Paso, Texas 79901 or wherever he may be found.

### III. VENUE

4.    Pursuant to Texas Civil Practice and Remedies Code Section 15.002, venue is proper in El Paso County, Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in El Paso, Texas.

### IV. CHRONOLOGY OF FACTS

5.    Employers MUST prevent disability discrimination against employees to protect employees, like all of us, from financial injuries and emotional trauma.

6.      Employers MUST provide a reasonable accommodation to disabled employees for a known disability when not an undue burden, to protect employees, like all of us, from financial injuries and emotional trauma.

7.      Employers MUST prevent retaliatory job terminations against employees who request a reasonable accommodation for a known disability to protect employees, like all of us, from financial injuries and emotional trauma.

8.      Employers MUST prevent sexual harassment by coworkers and/or supervisors at work to protect employees from financial injuries and emotional trauma.

9.      Employers MUST safely prevent retaliation against employees who oppose or report workplace sexual harassment to protect employees from financial injuries and emotional trauma.

10.     Employers MUST prevent sex discrimination at work to protect employees from financial injuries and emotional trauma.

11.     Employers MUST safely prevent retaliation against employees who oppose or report workplace sex discrimination to protect employees from financial injuries and emotional trauma.

12.     EL PASO COUNTY is an Employer.

13.     Employer El Paso County MUST prevent disability discrimination against employees to protect employees, like all of us, from financial injuries and emotional trauma.

14.     Employer El Paso County MUST provide a reasonable accommodation to disabled employees for a known disability when not an undue burden, to protect employees, like all of us, from financial injuries and emotional trauma.



15.    Employer El Paso County MUST prevent retaliatory job terminations against employees who request a reasonable accommodation for a known disability to protect employees, like all of us, from financial injuries and emotional trauma.

16.    Employer El Paso County MUST prevent sexual harassment by coworkers and/or supervisors at work to protect employees from financial injuries and emotional trauma.

17.    Employer El Paso County MUST safely prevent retaliation against employees who oppose or report workplace sexual harassment to protect employees from financial injuries and emotional trauma.

18.    Employer El Paso County MUST prevent sex discrimination at work to protect employees from financial injuries and emotional trauma.

19.    Employer El Paso County MUST safely prevent retaliation against employees who oppose or report workplace sex discrimination to protect employees from financial injuries and emotional trauma.

20.    In 2016, Employer El Paso County hires an Employee to work in Employer El Paso County's Criminal Justice Coordination department.

21.    Beginning in or about 2017 Employer El Paso County co-worker Edwardo Lopez repeatedly asks Employee if she "would wear a see through shirt showing your nipples?"

22.    Beginning in or about 2017 Employer El Paso County co-worker Edwardo Lopez repeatedly asks Employee if she "would wear a bikini?"

23.    Employer El Paso County co-worker Edwardo Lopez repeatedly asks Employee "what would you do if you saw your husband having sex with your sister?"

24.    Beginning in or about 2017 Employer El Paso County co-worker Edwardo Lopez tells other employees that Employee is a "whore."

25.    Employer El Paso County co-worker Edwardo Lopez tells other employees that Employee has STDs.

26.    Employer El Paso County co-worker Edwardo Lopez tells other employees that Employee sleeps with multiple officers.

27.    In or about May 2018 Employer El Paso County Supervisor Thomas Lara receives Employee's oral complaints and pleas for help regarding the constant abuse and harassment by Employer El Paso County Co-worker Edwardo Lopez.

28.    Employer El Paso County Supervisor Thomas Lara laughs and does nothing.

29.    Employer El Paso County Chief Joel Bishop receives Employee's complaint and plea for help regarding the constant abuse and harassment by Employer El Paso County Co-worker Edwardo Lopez.

30.    Employer El Paso County Chief Joel Bishop emails Employee's complaints and pleas to Employer El Paso County Chief County Administrator Betsy Keller.

31.    On or about May 25, 2018, Employer El Paso County Chief County Administrator Betsy Keller fails to investigate the abuse and harassment, but acknowledges the sexual harassment because she grants Employee's request to be on opposite working shifts as Edwardo Lopez by prohibiting Lopez from working on the same shifts as Employee.

32.    In or about April through June 2018, Employer El Paso County Supervisor Thomas Lara tells Employee her Child's birth records will say "unknown" for the father.

33.    Employer El Paso County Supervisor Thomas Lara refers to Employee's baby's father as the "alleged father."

34.    Employer El Paso County Supervisor Thomas Lara touches Employee on the pretense of "giving a massage," without Employee's consent.

35.     Employer El Paso County Supervisor Thomas Lara puts his hand over Employee's hand on the computer mouse, without Employee's consent and over Employee's repeated objections.

36.     In or about September 2018 Employer El Paso County Co-worker Edwardo Lopez posts pictures of Employee to FitFamElPaso, an El Paso social media site, writing that Employee is a "whore," and "has lots of sugar daddies."

37.     In or about September 2018, Employer El Paso County Supervisor Thomas Lara is put on notice of El Paso County Co-worker Edwardo Lopez posts of Employee, calling her a "whore" and saying she "has lots of sugar daddies."

38.     Employer El Paso County Supervisor Thomas Lara responds by laughing and and says, "Aye Eddie." Then dismisses and discredits the posts by calling them, "just dumb stuff."

39.     Employer El Paso County Supervisor Belven Chavira, in receiving notice of Edwardo Lopez's online sexual harassment of Employee, tells Employee it has been "brought to [his] attention," and does nothing more.

40.     In or about December 2018, Employer El Paso County Supervisor Thomas Lara receives notice that Employee is pregnant.

41.     In or about April 2019, Employer El Paso County Supervisors Thomas Lara and Belven Chavira receive the Employee's doctor's request for a reasonable accommodation for Employee's disability -- preeclampsia; that Employee only work day shifts at the courthouse.

42.     In or about May 2019 El Paso County supervisor Thomas Lara directs Employee to work at the jail.



43. In or about May 2019, Employer El Paso County Director Scott Lynn is notified of Employees complaint that Supervisor Thomas Lara is not accommodating Employee's disability and instead requiring Employee to work in the jail -- against doctor's orders.

44. Employer El Paso County Director NU receives Employee's request to abide by doctor's orders which require Employee to remain away from the Jail.

45. Employer El Paso County Director NU confirms Employer El Paso County will abide by doctor's orders.

46. On June 14, 2019, Employer El Paso County is aware the Employee begins leave for the birth of the Employee's child.

47. On September 9, 2019, Employer El Paso County is aware the Employee returns from leave for the birth of the Employee's child.

48. Instead of returning her to the same position she held before she took leave due to the birth of her child, Employer El Paso County -- KNOWING THAT SHE'S A NEW MOTHER OF A NEW BORN BABY INFANT -- transfers the Employee to a night shift in the El Paso County Jail in retaliation.

49. In or about September 2019, Employer El Paso County Co-worker Edwardo Lopez is scheduled to work with Employee, **despite** Employer El Paso County Chief County Administrator Betsy Keller's assurances Edwardo Lopez was forbidden to be scheduled with Employee.

50. In or about September 2019, Employer El Paso County Co-worker Edwardo Lopez resumes sexually harassing Employee and asks Employee, "would you wear a see-through dress?"



51.    In or about September 2019, Employer El Paso County Co-worker Edwardo Lopez tells Employee to "create a private SnapChat and sell nudes."

52.    In or about October 2019, Employer El Paso County Human Resources Department receives Employee's in person oral complaints and pleas for help regarding the abuse and harassment by Edwardo Lopez.

53.    In September or October of 2019, Employer El Paso County Human Resources Department receives Employee's in person complaints and pleas for help regarding Supervisor Lara's sexual harassment.

54.    Then, on October 31, 2019, Employer El Paso County's Supervisor Thomas Lara asks the Employee to resign despite the fact that the Employee has not been written up and is performing well.

55.    On October 31, 2019, Employer El Paso County's Supervisor Thomas Lara receives notice that the Employee refuses to resign.

56.    Then, in December 2019, Employer El Paso County's Director Scott Lynn demotes the Employee into a specialist position -- which the Employee did not ask for or apply for.

57.    In December 2019, Employer El Paso County also reduces the Employee's pay.

58.    As a result, the Employee sustains massive economic losses when she loses her house, which she had just purchased as a single mother for her daughter, because of Employer El Paso County's decision to demote and reduce the Employee's pay.

59.    In December 2019, Employer El Paso County assigns the Employee to be under Supervisor Jacob Garcia's authority.

60.    Employer El Paso County's Supervisor Jacob Garcia refuses to properly train the Employee, and tells her "I don't have to train you."

61.     Employer El Paso County's Supervisor Jacob Garcia tells the Employee "I don't want you here."

62.     Employer El Paso County's Supervisor Jacob Garcia instructs the Employee to use the Employee's cell phone to text officers as part of her job duties. Supervisor Garcia **then** complains the Employee is using her phone on the job.

63.     Employer El Paso County's Supervisor Jacob Garcia overwhelms the Employee with work and refuses to provide help when Supervisor Garcia receives the Employee's requests for assistance.

64.     In December 2019, Employer El Paso County's Human Resources department receives the Employee's complaint about Supervisor Garcia's retaliation and harassment against the Employee. However, Employer El Paso County refuses to restore the Employee's pay to what it was prior to Employer El Paso County's choice to demote the Employee.

65.     On or about March 23, 2020, Employer El Paso County transfers the Employee to the Justice of the Peace Office.

66.     On or about April 7, 2020, Employer El Paso County receives the Employee's request for leave to care for her daughter, after her daughter's daycare facility closes in response to the COVID-19 pandemic.

67.     On May 15, 2020, Employer El Paso County terminates Employee's employment with the El Paso County, by retaliating against and discriminating against the Employee, in relevant part, because she is a woman and because she was treated differently from men in her position, because she engaged in protected activity when she reported, opposed and complained of sexual harassment in the workplace, and because she reported her



disability and requested a reasonable accommodation for her disability, all in violation of Chapter 21 of the Texas Labor Code.

68.   That Employee is Magda Erika Graham.

## V. CAUSES OF ACTION

### VIOLATIONS OF TEXAS LABOR CODE, CHAPTER 21:

### SEX DISCRIMINATION, SEXUAL HARASSMENT AND RETALIATION

69.   Employer El Paso County's conduct as described above was extreme and outrageous and Employer El Paso County acted intentionally and recklessly.

70.   Employer El Paso County's Thomas Lara made unwanted bodily contact with Employee Graham when he sexually assaulted her.

71.   Employer El Paso County discriminated and retaliated against Employee Graham in violation of the Texas Labor Code which protects employees from sex discrimination, sexual harassment and retaliation.

72.   Employer El Paso County chose not to protect Employee Graham from sex discrimination and severe or pervasive sexual harassment in violation of the Texas Labor Code.

73.   Employer El Paso County discriminated, retaliated against, and fired Employee Graham in violation of Texas' Labor Code.

### DISABILITY DISCRIMINATION AND RETALIATION

74.   Employer El Paso County discriminated, retaliated against, and fired Employee Graham in violation of the Texas Commission on Human Rights Act, codified at Texas Labor Code, Chapter 21, which protects disabled employees from discrimination and retaliation.

75.   All conditions precedent to the filing of this action have occurred or have been fulfilled.

## VI. HARMS AND LOSSES

76.    Employee Graham seeks back pay, front pay, and/ or lost wages and benefits in the past and future. Further, Employee Graham is entitled to compensatory damages, including pecuniary damages, mental anguish or emotional pain and suffering inconvenience, and loss of enjoyment of life in the past and in the future.

77.    Additionally, Employee Graham is entitled to recover punitive damages against Employer El Paso County because Employer El Paso County acted with malice, or, at least, with reckless and/or conscious indifference to Employee Graham's state-protected rights to be free from discrimination and retaliation, as contemplated by Texas Labor Code Section 21.2585.

## VII. JURY TRIAL DEMAND

78.    Plaintiff requests that this case be decided by a jury as allowed by the Texas Rule of Civil Procedure 216.

## VIII. REQUEST FOR DISCLOSURE

79.    Pursuant to Texas Rule of Civil Procedure 194, Defendant is requested to disclose the information and material described in Rule 194.2.



## IX. PRAYER

80.   Plaintiff respectfully prays that she recover from Defendant actual damages over $200,000 but not more than $1,000,000, including but not limited to, past and future lost earnings, mental anguish and inconvenience, emotional pain and suffering, loss of enjoyment of life, bodily injury, pain and suffering, economic damages and benefits in the past and future, compensatory damages, punitive damages, prejudgment interest, post judgment interest, costs and such other and further relief to which he may show herself to be justly entitled, in law and in equity. Damages sought are within the jurisdictional limits of the court.

**SIGNED** on April 6, 2021.

Respectfully submitted,

**CHAVEZ LAW FIRM**
2101 Stanton Street
El Paso, Texas 79902
(915) 351-7772

By: _____

**Enrique Chavez, Jr.**
enriquechavezjr@chavezlawpc.com
State Bar No.: 24001873
**Michael R. Anderson**
manderson@chavezlawpc.com
State Bar No.: 24087103
*Attorneys for Plaintiff*

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY_____ Deputy
May 10, 2021



# Chavez Law Firm

Attorneys & Counselors at Law

2101 N. Stanton Street                                           Telephone   915-351-7772
El Paso, Texas 79902                                            Facsimile    915-351-7773

## REQUEST

OFFICE OF THE DISTRICT CLERK
EL PASO COUNTY, TEXAS

RE:   Magda Erika Graham v. El Paso County; Cause No. 2021DCV1110; In the 210th
        Judicial District Court

DISTRICT CLERK:

    Pursuant to your instructions, we are requesting you to please email us the Citation for the referenced case to the following email address:

<u>chavezlawfirm@chavezlawpc.com</u>

    The Plaintiff's Original Petition and Request for Disclosure will be served via personal service by an outside process server.

    Thank you for your prompt assistance to this matter.

Respectfully yours,

_/s/_
Enrique Chavez, Jr.

ECJ/ec



A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY_____Deputy
May 10, 2021



Filed on April 12, 2021
10:31 AM
Norma Favela Barceleau
District Clerk
El Paso County, Texas

Aguirre, Clarisa

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO: **EL PASO COUNTY,** which may be served with process by serving the El Paso County Judge, **RICARDO A. SAMANIEGO at 500 E. SAN ANTONIO, RM 301, EL PASO, TX  79901** or wherever he/she may be found.


Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition and Request for Disclosure** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **210th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 6th day of April, 2021 by Attorney at Law, ENRIQUE CHAVEZ, JR., 2101 N. STANTON ST., EL PASO, TX  79902, in this case numbered **2021DCV1110** on the docket of said court, and styled:

<div align="center">

**MAGDA ERIKA GRAHAM**
VS
**EL PASO COUNTY**

</div>

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition and Request for Disclosure** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 12th day of April, 2021.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:  NORMA FAVELA BARCELEAU District Clerk
El Paso County, Texas

By: _____, Deputy
Clarisa Aguirre

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."



**RETURN**

Came on hand on _____ day of _____, 20_____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition and Request for Disclosure**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance |
|------|------|---|---|------|---|---|---|
| | MONTH | DAY | YEAR | Hour | Min. | ____.M. | From Court House |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being_____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____   _____ Sheriff

_____   _____ County, Texas

Total _____ $ _____   by _____, Deputy

### CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____ County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20_____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

BY _____ Deputy

May 10, 2021



# THE STATE OF TEXAS

        NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO:   **EL PASO COUNTY,** which may be served with process by serving the El Paso County Judge, **RICARDO A. SAMANIEGO at 500 E. SAN ANTONIO, RM 301, EL PASO, TX  79901** or wherever he/she may be found.

Greetings:

        You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition and Request for Disclosure** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **210th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

        Said Plaintiff's Petition was filed in said court on this the 6th day of April, 2021 by Attorney at Law, ENRIQUE CHAVEZ, JR., 2101 N. STANTON ST., EL PASO, TX  79902, in this case numbered **2021DCV1110** on the docket of said court, and styled:

<div align="center">

**MAGDA ERIKA GRAHAM**
VS
**EL PASO COUNTY**

</div>

        The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition and Request for Disclosure** accompanying this citation and made a part hereof.

        The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

        Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 12th day of April, 2021.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:  NORMA FAVELA BARCELEAU District Clerk
El Paso County, Texas

By: _____, Deputy
Clarisa Aguirre

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on ___13___ day of ___April___, 20_21_, at _4:00_ o'clock
_P_ M., and executed in _El Paso_ County, Texas, by delivering to
each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon
the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original
Petition and Request for Disclosure**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance |
|---|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | Hour | Min. | ____.M. | From Court House |
| El Paso County, by delivering to the El Paso County Judge, Ricardo A. Samaniego | 5- | 3- | 21 | 9: | 19 | A.m. | 500 E. San Antonio Rm. 301 El Paso, TX 79901 |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being_____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____   _____ Sheriff

_____ County, Texas

    Total _____ $ _____ by _____, Deputy

**CERTIFICATE OF DELIVERY**

    I do hereby certify that I delivered to _El Paso County, by delivering to the El Paso County Judge,_
_Ricardo A. Samaniego_ on the _3_ day of _May_
20_21_, at _9:19_ o'clock _A_ m. this copy of this instrument, _via certified mail, return receipt requested_

SW Legal Svcs.
PO Box 972599
El Paso, TX 79902

_SW Legal Svcs._, ~~Sheriff~~/Agent
_El Paso_ County, Texas
By _____ PSC 8088, Exp 2/28/22_, ~~Deputy~~/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _6_ DAY OF ___May___, 20_21_.

**[SEAL]**
MICHELLE GONZALEZ
Notary Public, State of Texas
Comm. Expires 12-06-2024
Notary ID 12176414

_____
**NOTARY PUBLIC, STATE OF TEXAS**

[District Courts El Paso County, Texas seal]

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

El Paso County
c/o El Paso County Judge,
Ricardo A. Samaniego
500 E. San Antonio, Rm-301
El Paso, TX 74901

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7020 0090 0001 0119 3421
7520283758 C003

PS Form 3811, July 2013          Domestic Return Receipt



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

El Paso

Certified Mail Fee  $3.60

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)  $_____
☐ Return Receipt (electronic)  $_____
☐ Certified Mail Restricted Delivery  $_____
☐ Adult Signature Required  $_____
☐ Adult Signature Restricted Delivery $_____

Postage  $1.40

Total Postage and Fees
$_____

Sent To   El Paso County, c/o El Paso
County Judge, Ricardo A. Samaniego
Street and Apt. No., or PO Box No.  500 E. San Antonio, Rm.301
City, State, ZIP+4®  El Paso, TX 74901?

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 0090 0001 0119 3421

Postmark
Here
MAY 2021
MESA HILLS STATION
EL PASO, TEXAS 79902
05/01/2021

DISTRICT COURTS
EL PASO COUNTY, TEXAS

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

SWLS
PO BOX 920574
El Paso, TX 79902

## Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).
- A unique identifier for your mailpiece.
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

### Important Reminders:

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is *not* available for International mail.
- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt*; attach PS Form 3811 to your mailpiece;

for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.

- Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
- Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
- Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).

- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form **3800**, April 2015 (Reverse) PSN 7530-02-000-9047

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____
Deputy
May 10, 2021



# EXHIBIT B

210TH DISTRICT COURT

# CASE SUMMARY
## CASE NO. 2021DCV1110

| | | |
|---|---|---|
| **Magda Erika Graham** | § | Location: **210th District Court** |
| vs | § | Judicial Officer: **Perez, Alyssa** |
| **El Paso County** | § | Filed on: **04/06/2021** |
| | § | |

---

### CASE INFORMATION

Case Type:  **Wrongful Termination**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2021DCV1110 |
| Court | 210th District Court |
| Date Assigned | 04/06/2021 |
| Judicial Officer | Perez, Alyssa |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| | | *Lead Attorneys* |
| **Plaintiff** | **Graham, Magda Erika** | **CHAVEZ, ENRIQUE, Jr.** |
| | | *Retained* |
| | | 915-351-7772(W) |
| | | |
| **Defendant** | **El Paso County** | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|

### EVENTS

| | |
|---|---|
| 04/06/2021 | Original Petition (OCA) |
| 04/06/2021 | E-File Event Original Filing |
| | *Plaintiff's Original Petition and Request for Disclosure/ ER* |
| 04/09/2021 | Request |
| | *FOR CITATION/ ER* |

### SERVICE

**Citation**

| | |
|---|---|
| 04/12/2021 | El Paso County |

Served:  05/03/2021
Response Due: 05/24/2021
*Emailed to Attorney / ca*

---

| DATE | FINANCIAL INFORMATION |
|---|---|

**Plaintiff**  Graham, Magda Erika

| | |
|---|---|
| Total Charges | 363.00 |
| Total Payments and Credits | 363.00 |
| **Balance Due as of  5/10/2021** | **0.00** |



A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____
Deputy

May 10, 2021



*Printed on 05/10/2021 at 4:20 PM*