UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MAGDA ERIKA GRAHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-21-CV-00118-FM |
| | § | |
| EL PASO COUNTY, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING MOTION TO REMAND

Before the court is "Plaintiff's Motion to Remand" ("Motion") [ECF No. 2], filed May 28, 2021 by Magda Erika Graham ("Plaintiff"). The record reflects El Paso County ("Defendant") did not respond. Plaintiff requests this court remand this action to state court for lack of subject-matter jurisdiction.[1] After due consideration of the Motion and applicable law, the Motion is **GRANTED**.

## I.   BACKGROUND

On October 30, 2020, Plaintiff filed the original petition in what is now 3:21-CV-00066-FM ("*Graham I*") in Texas state court alleging violations of the Family and Medical Leave Act, 29 U.S.C. 2601, *et seq.* ("FMLA").[2] Defendant removed *Graham I* to federal court.[3] This court denied Plaintiff's motion to remand and the action remains pending.[4] In support of her petition in *Graham I*, Plaintiff stated Defendant, her employer, discriminated against Plaintiff for taking

---

[1] "Plaintiff's Motion to Remand" ("Mot.") 1, ECF No. 2, filed May 28, 2021.

[2] *See generally* "Notice of Removal," 21-CV-00066, ECF No. 1, filed Mar. 15, 2021, "Plaintiff's Original Petition and Request for Disclosure" ("*Graham I* Pet."), Ex. A.

[3] *See generally* "*Graham I* Notice of Removal," 21-cv-00066, ECF No. 1, filed Mar. 15, 2021.

[4] *See generally* "Order Denying Motion to Remand," 21-cv-00066, ECF No. 1, entered May 3, 2021.

1

FMLA leave to care for her newborn daughter.[5] Upon Plaintiff's return from FMLA leave, Defendant transferred her to a less desirable, night shift position in the El Paso County Jail.[6] When Plaintiff refused to resign, Defendant demoted her and decreased her pay.[7] Plaintiff requested a second period of FMLA leave when her daughter's daycare closed in response to the COVID-19 pandemic.[8] Defendant terminated Plaintiff's employment shortly thereafter.[9]

Plaintiff filed her original petition in this action in Texas state court on April 6, 2021.[10] Therein, she alleges Defendant violated the Texas Labor Code prohibitions on sex discrimination, sexual harassment, disability discrimination, and retaliation.[11] In support, Plaintiff recounts sexual harassment by a coworker and a supervisor dating back to 2017.[12] She additionally recounts Defendant's failure to provide her with reasonable accommodations for a disability, preeclampsia, during her pregnancy.[13] Plaintiff repeats the string of adverse employment actions she first enumerated in *Graham I*.[14] However, in this action, Plaintiff attributes them to sex discrimination, disability discrimination, and retaliation for reporting said discrimination.

Defendant removed this action to federal court citing two theories for removal. First,

---

[5] *See Graham I* Pet. ¶ 37.

[6] *Id.* at ¶¶ 17, 37.

[7] *Id.* at ¶¶ 19–31.

[8] *Id.* at ¶ 30.

[9] *Id.* at ¶ 31.

[10] *See generally* "Notice of Removal," ECF No. 1, filed May 25, 2021, "Plaintiff's Original Petition and Request for Disclosure" ("Pet."), Ex. A.

[11] *Id.* at ¶¶ 69–75.

[12] *Id.* at ¶¶ 21–39, 50–51.

[13] *Id.* at ¶ 42.

[14] *See id.* at ¶¶ 42, 48, 56–57, 67.

2

Defendant invoked the section of the removal statute permitting claim joinder, 28 U.S.C. § 1441(c).[15] Second, Defendant relied on this court's supplemental jurisdiction to hear state law claims so related to a federal claim that they form part of the same case or controversy.[16] Although Plaintiff does not allege violation of any federal law in this cause, Defendant relied on the factual overlap between this action and *Graham I*, which does arise under federal law, to remove to federal court.[17] Plaintiff moved to remand arguing this court lacks jurisdiction under either theory.

## II.   LEGAL STANDARD

Title 28 U.S.C. Section 1441(a) allows for the removal of civil actions brought in a state court over which a district court has original jurisdiction.[18] "A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements or that arises under the federal constitution, statutes, or treaties."[19] "Thus, under § 1441, removal is proper only when the court has original jurisdiction over at least one asserted claim under either federal question or diversity jurisdiction."[20] A case may "arise under" federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law."[21]

Alternately, 28 U.S.C. § 1441(c) permits removal of "a claim not within the original or supplemental jurisdiction of the district court" if "the entire action would be removable without"

---

[15] *See id.* (citing 28 U.S.C. § 1441(c)).

[16] *See* Notice of Removal ¶ 21; 28 U.S.C. § 1367(a).

[17] *Id.* at ¶¶ 17–19.

[18] 28 U.S.C. § 1441(a).

[19] *Energy Mgmt. Servs., LLC. v. City of Alexandria*, 739 F.3d 255, 258–59 (5th Cir. 2014) (citing 28 U.S.C. §§ 1331, 1332, 1369).

[20] *Id.* at 259.

[21] *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983) (citations omitted).

that claim.[22] After an action is removed pursuant to § 1441(c), the district court shall sever all otherwise nonremovable claims and remand them to state court.[23]

Removal raises significant federalism concerns.[24] It acts to deprive the state court of an action properly before it and therefore undermines proper respect for state functions.[25] Federal courts must hesitate to exercise jurisdiction where the cause of action is one traditionally relegated to state law.[26] The removing party bears the burden of showing federal jurisdiction exists and removal was proper.[27] Any doubts regarding whether federal jurisdiction is proper are resolved against removal.[28]

## III. DISCUSSION

The court considers whether this action is removable under each of Defendant's theories in turn. Removal under § 1441(c) is improper. The parties are both Texas residents and therefore non-diverse.[29] Plaintiff does not plead any violation of federal law that would create a federal question justiciable under § 1331. Therefore, this court does not have original jurisdiction over any claim in this action. Section 1441(c) requires some anchor claim over which a district court has original jurisdiction to open to door to removal.[30] Even then, non-

---

[22] 28 U.S.C. § 1441(c)(1).

[23] 28 U.S.C. § 1441(c)(2).

[24] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

[25] *See Carpenter v. Wichita Falls*, 44 F.3d 362, 365 (5th Cir. 1995) ("effect of removal is to deprive the state court of an action properly before it"); *Younger v. Harris*, 401 U.S. 37, 44 (1971) (reasoning that "Our Federalism" requires federal courts not to not "unduly interfere with the legitimate activities of the States.").

[26] *Merrell Dow Pharm., Inc.*, 478 U.S. 804, 811 (1986).

[27] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

[28] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[29] *See* Pet. 1.

[30] *See* 28 U.S.C. § 1441(c)(1) ("[T]he entire action may be removed *if the action would be removable* without the inclusion of the claim [not within the original or supplemental jurisdiction of the district court].")

4

removable claims should be severed and remanded.[31] As such, § 1441(c) does not truly provide a route to federal court for non-removable claims.

Although Defendant cited to § 1441(c) to support removal, the logic of its argument relies on supplemental jurisdiction, which may permit removal of a state law claim under § 1441(a). The bounds of supplemental jurisdiction are well defined. Pursuant to 28 U.S.C. § 1367, "in any civil action over which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy . . . ."[32] The supplemental claim must coexist within the same suit as the claim over which the district court has original jurisdiction.[33] Where a "plaintiff files an action in state court with no federal question or complete diversity, the original jurisdiction necessary for removal under § 1441 does not exist."[34] As master of her claim, a plaintiff may avoid federal jurisdiction by exclusive reliance on state law even if she has a federal cause of action.[35] This is true "even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter

---

(emphasis added). *See, e.g., Powers v. United States*, 783 F.3d 570, 576 ("A defendant may remove a case to federal court if it contains a federal claim and all defendants consent to removal.").

[31] 28 U.S.C. § 1441(c)(2).

[32] 28 U.S.C. § 1367(a).

[33] *See* 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ."); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002) ("Section 1441 requires that a federal court have original jurisdiction over an action in order for it to be removed from a state court."); *Martin v. Hunter's Lessee*, 14 U.S. 304, 349 (1816) ("The power of removal . . . presupposes an exercise of original jurisdiction to have attached elsewhere.").

[34] *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010).

[35] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002).

jurisdiction, and even if removal would be efficient."[36]

In removing this cause, Defendant argued supplemental jurisdiction can be based on the FMLA claim in *Graham I* as the claim in that case is so related as to form part of the same case or controversy.[37] Defendant is mistaken. Plaintiff, as master of her complaint, chose to plead exclusively state law claims in this suit. There is no federal question to anchor those state law claims to federal court. Without them, this court has no jurisdiction. While shared facts in *Graham I* and this action may suggest it would be more efficient to consider them together, efficiency is irrelevant to evaluating the bounds of jurisdiction. Supplemental jurisdiction may not form the basis for removal of this action. As such, it must be remanded to state court.

## IV. CONCLUSION

Defendant fails to meet its burden to show the existence of federal jurisdiction and that removal was proper. As such, this action must be remanded to state court.

Accordingly, "Plaintiff's Motion to Remand" [ECF No. 2] is **GRANTED**.

**SIGNED AND ENTERED** this ___ day of **July 2021**.

**FRANK MONTALVO**
**UNITED STATES DISTRICT**

---

[36] *Id* at 294–95 (quoting *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996)).

[37] Notice of Removal ¶¶ 17–21.